24288. Thank you. Mr. Taubes? Taubes. Taubes. Mr. Taubes. Good morning, and may it please the Court. My name is Alexander Taubes. I represent the Plaintiff Appellant Mary Ann Dudzinski. Our principal argument in this appeal is that the District Court made an error of law, essentially the same error that a trial court made in a Connecticut State case that was reversed by the Connecticut Appellate Court, Gargano. In the Gargano case, a trial court granted summary judgment because even though a hole on the second floor of a house that was being renovated was known to the plaintiff, the plaintiff knew where the hole was and knew there was a hole, and the plaintiff unfortunately fell through that hole, the trial court held in that case that because the hole was open and obvious to the plaintiff, not only did the defendant have no duty to warn about the hole, but also the defendant had no duty at all to remedy the unreasonably dangerous nature of the hole. If in Gargano, the plaintiff had jumped into the hole, then I would think we would have a similar case. But in Gargano, the plaintiff fell into the hole. Well, in the difference in the pushing from the ground, in this case, Ms. Dudzinski was trying to reach a spatula that was dangling over her head. She jumped. But in jumping, she did not intend to fall and shatter her hip. If the plaintiff in Gargano had skipped across or was jumping and didn't see the hole, that wouldn't necessarily negate the claim because the plaintiff's comparative fault is itself also an issue of fact for the fact finder to determine, for the jury to determine how much was Ms. Dudzinski at fault versus how much was Coles at fault. But the trial court in this case assumed that this was an unreasonably dangerous condition of the spatula, but found that the store had no duty to the plaintiff because the spatula was open and obvious. That's the same error that was made in Gargano because, as the appellate court reversed in that case, the only duty that is obviated by the openness and obviousness of a dangerous condition is the duty to warn. And I suppose it might, I mean, again, I take the point that the issue of comparative negligence is not in front of us in this appeal. It would be an issue that would be part of the trial of fact below, and the openness and obviousness might well be a factor that the jury takes into account in deciding the comparative fault here. Certainly. Which is distinct from whether or not the open and obviousness negates the duty in the first instance as a legal matter. Is that sort of where we stand in terms of how these fit together? Precisely. This appeal is about Ms. Dudzinski's right to have her day in court, to have the jury decide how dangerous the spatula was or how foolish she was to jump for it, and to compare that and to give her the opportunity to potentially recover compensation for the part that was the department store's fault. Now, in Connecticut, we have abolished contributory negligence, which would be a bar if the plaintiff was negligent. We have abolished the concept of assumption of the risk, where you took the risk, therefore, no duty. We've replaced, and we've also abolished the concept, although we mentioned those two in our brief, we've also abolished the concept of intervening or superseding cause. Where, for example, you know, the plaintiff's negligence cuts off the chain of causation such that any prior negligence wasn't any more a cause. We've replaced all of those doctrines in Connecticut with comparative fault. And the comparative fault is a full-blown comparative fault, not a 50 percent or more? No, I believe that if the plaintiff is more than 51 percent at fault, then the plaintiff cannot recover, yes. But it's still for the jury to determine that, whether or not the plaintiff can meet their burden of proving that they were less than 51 percent at fault or that the department store was 51 percent at fault or more for what happened. Now, in this case, the district court did not rule that Ms. Dudzinski should not have her day in court because she jumped. In fact, district court expressly stated that whether or not she jumped had nothing to do with the decision, because the district court's ruling was that the defendant had no duty because the spatula was open and obvious, and that was error under Connecticut law. Now, we also disagree that the spatula was open and obvious. Yes, Ms. Dudzinski knew where the spatula was. Yes, she could see the spatula. But under Connecticut law, the doctrine of openness and obviousness is about the plaintiff's knowledge of the danger, not just the knowledge of the location of the defect. So she may have thought that just by reaching jumping, it was so close that she would have gotten it immediately. And in reality, what happened was this is one of those spatulas that's hung from the top and the handle is down. So to get it off, you kind of have to push it up to get it off the hook. She made a mistake, clearly, in jumping. Now, was it purely her fault or was it also Cole's fault that they put the spatula up there, they don't put a step stool to step on, they don't give you a tool to unhook things, and there's nobody at the store to help you when you go look around to find someone to help you get things off of the shelf. Does Cole's also bear some responsibility? Well, Ms. Dudzinski's expert, the engineer James Perry, issued a report. It's at JA32. He was also deposed in the case, saying that had Cole's provided any of those tools to its customers, this injury would not have happened. And the way that they put the spatula up there on the shelf was an accident waiting to happen for people who were less than 5 foot 4 inches tall. Now, how injured Ms. Dudzinski got from this? Very, very, very seriously injured. Perhaps to that extent, Cole's could not have predicted, but that's the eggshell plaintiff rule. You get the plaintiff as they come. And unfortunately, she was very badly hurt by this. So we disagree that there was no issue of material fact as to openness and obviousness. Can I ask a procedural question? As written in your complaint, it doesn't expressly break things into counts. There's not a failure to warn count and then a failure to maintain reasonably safe premises count. It's just a global allegation. If we were to accept your argument, we can't then say, therefore, count 1, you know, we're firm as to count 1 but not count 2. What would the instruction be simply that vacated but indicate that you can't pursue a failure to warn theory? Correct. You could reverse the district court's holding that there was no duty. And, in fact, Well, there was no duty. I mean, again, there were two different duties. You could affirm that there was no duty to warn. Yeah. But reverse that there was no other duty. And, you know, we think it would make sense to decide that there's a material issue of fact as to whether Coles breached the other duties here, if only because Ms. Dozinski is old and ill and we want to get this case decided as quickly as possible. I did want to say that. But the district court already decided that. Well, the district court assumed for the sake of argument that it was. I mean, the district court did in its first part of the decision reject the defendant's argument that because there was no code or rule that, therefore, it could not be reasonably. So, yes. Why would you bring that back up? And you won on that. Okay. I think. Unless you persuaded on appeal to affirm for alternate basis. Thank you for that correction. And I think I should probably stop talking now because I'll probably make a few more arguments that I shouldn't make. Thank you. Thank you. Ms. Hallier. Good morning. And may it please the Court, Andy Hallier, on behalf of the appellee, Coles Incorporated. Your Honor, as a threshold matter, and as we have briefed, in our motion for summary judgment, we argued two points. One, that the condition, the placement of the spatula was not defective as a matter of law because it did not violate any known code regulation or applicable standard. And Judge Richardson found that reasonable minds could disagree on that point. And so we lost argument one. Well, just to be clear, there's a legal question there in terms of the factual one. Is it that reasonable minds could disagree as to whether or not there was a code violation? Or, in fact, as a matter of law, you don't have to have a code violation in order to be negligent. You could be negligent even while complying with all the codes. It is the latter, Your Honor. So that's a legal question. Yes. And so it's not a question of, like, whether there's a disputed fact about that. It's a question of whether we, as a matter of law, under Connecticut law, absence of a code violation insulates you from liability. Is there a case that tells us that you're not liable if you comply with all applicable codes? Oh, no. There isn't, Your Honor. Okay. No, there's not. And we're here really today because of Judge Richardson's ruling on our second argument. And that was that Coles owed no duty to the plaintiff because she admitted, and we provided in support of our motion with the plaintiff's own sworn testimony, that she was aware of the dangerous condition of which she complained. And, therefore, Coles owed her no duty and we were entitled to judgment as a matter of law. Well, why does that go to the jury to determine contributory negligence or to comparative negligence as between the parties? I mean, Cole had a duty of care. And if it violated it and the plaintiff realized it was a dangerous situation and went ahead anyway, they may share responsibility. But I'm not sure that you can create a dangerous condition and say, well, that's the end of it once the plaintiff is aware of it. And I agree with you. So why is this summary judgment as opposed to that's an issue for trial as to how to apportion it between the parties? Well, it was an issue on summary judgment because the plaintiff herself admitted that she was aware of an open and obvious condition. And we argued that, therefore, Coles had no legal duty, a question of law, to warn her of the fact that this was. Well, that's the warning. Yes. But what about the duty of care part of the argument? It was never raised, Your Honor. And this is the basis for our waiver argument. In opposition to our motion for summary judgment, the plaintiff argued at some length about the defective nature of the condition. But the plaintiff did not address in any way the argument that the condition was open and obvious, that the plaintiff knew of it, admitted it, and, therefore, we had no duty to warn. Judge Richardson went beyond the duty to warn in granting the motion for summary judgment, ruling that we had no duty whatsoever. So you're reading the unconfused. The complaint plausibly alleges theories both. Maybe you reject this premise. The complaint plausibly alleges both unreasonably dangerous premises and failure to warn. Yes, it does.  And so the court rules that, and you argue it's open and obvious. Yes. We know from Connecticut case law, Gargano tells us that the open and obvious nature of the hazard negates the duty to warn.  And so your argument as to why there's not still a case to be made on negligence is? Well, we didn't make an argument on our motion for summary judgment with respect to the duty to keep the premises reasonably safe. We argued that we had no duty to warn based upon. It's not really a motion for partial summary judgment because you were only addressing one of the aspects of the plaintiff's theory. It is. And Judge Richardson, in line with the holdings in Orsini and Eadie, decided that we had no duty to warn and granted summary judgment as to both duties. What should have happened, in your view, then, you're not quibbling with the sort of legal framework that applies. What you're saying is what should have happened is the court should have granted summary judgment as to a claim based on duty to warn and allowed the case to proceed on the underlying negligence claim. Yes, Your Honor. So you two are ending up in exactly the same place. It's just a procedural. So you could have stipulated to remand on the merits, and you would have both been happy. Yes, except for the waiver argument, Your Honor. The fact of the matter is, is that in opposition to our motion for summary judgment, plaintiff did not, and there's, the record on appeal is entirely bereft of any evidence that refutes the plaintiff's testimony that she knew that the condition was open and obvious and engaged in it anyway. And the fact that there was no opposition to that or to, or, and the fact that there was this duty to keep the premises safe, generally, aside from the duty to warn, was never raised in opposition to our motion for summary judgment. But now plaintiff's raising a bond appeal. But your motion for summary judgment didn't call for that. I mean, your motion for summary judgment didn't implicate that in the first place, so it would have been odd to hold them to have waived an argument on that front. Or does the waiver go to you never argued it wasn't open and obvious? The waiver goes to you never argued that it was open and obvious. I see. So what is your position about what this Court should do? I thought you were arguing for outright affirmance. Well, I would love to see that, Your Honor. But in truth and candidly, I agree with my adversary to the extent that he argues that Judge Richardson did not address the separate and distinct duty to keep the premises reasonably safe. So you're basically agreeing to remand on those grounds? So this was, we don't even have jurisdiction. This wasn't even a final judgment in your view. Well, you think he mistakenly entered a final judgment, so we have jurisdiction. I do. Yeah. I just want to say I appreciate counsel's candidness. We don't always get that, and I'm grateful for it. Thank you. Thank you, Your Honor. All right. Mr. Talbots, it looks like you have two minutes. I would also like to thank counsel for her candor and for agreeing with some of our points, and I think that's reflective of, you know, the bar in Connecticut, we're very civil with each other. And I've had other cases with opposing counsel as well. I just want to address the waiver point because I think that's the one sort of loose end that's hanging out here. Ms. DeZinci absolutely could not have waived the argument because, as Your Honor rightly pointed out, she could not have anticipated what Judge Richardson would rule. And Judge Richardson's ruling was in violation of Connecticut law, so she could not have, it would not be reasonable to hold that she waived her arguments here. And she had no obligation to try to correct the ruling through other means, for example, by a motion for reconsideration. Upon the entry of a final judgment that was based on an error of law, she appealed. I guess I thought I just heard that the waiver argument is that she didn't argue that it wasn't open and obvious, and at least there is, it's not your, it's not what you're emphasizing on appeal, but you have made the argument that there's a question of fact as to whether it's open and obvious, and that's the argument that, if I'm understanding, she's saying is waived. Did I, but I may be getting that wrong. I don't believe that that's the case. I believe that we cite in our reply brief some of the arguments that were made. You cite arguments made about the duty to make, Cole's duty to make the premises safe in your opposition to summary judgment. Yes, and so that's not the quote that I'm thinking of, but in the trial court, the first argument that we followed all rules, regulations, codes, that was not only about the duty to warn. And there were arguments in response to that argument about the other duties, as well as we did respond to their arguments about openness and obviousness in the district court. I was not involved in the district court, so I don't know all of the arguments offhand, but all of the claims were raised and discussed by the plaintiff. There was no waiver or forfeiture, which is really more sort of in line with what's being argued here, but there was certainly no knowing intelligent waiver of any claims by Ms. Studzinski. And so given that both sides agree that there was an error of law here, Ms. Studzinski should get her day in court and have a jury decide her claims. Thank you. Thank you. And may I get just one brief? You know, typically we don't do a lot of back and forth. If there's something that is important and you want to do a filing to us afterwards and file it in the clerk's office, we can take that. Sorry. Thank you. We will take this case. Are you sitting here? I'll take this case under advisement. Thank you.